UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESHAWN MITCHELL,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>SERGEANT M. JONES, et al.,<br><br>　　　　　Defendants. | 1:11-cv-00099-LJO-GSA-PC<br><br>ORDER IN RESPONSE TO DEFENDANTS' NOTICE OF RELATED CASES<br>(Doc. 36.)<br><br>ORDER CONSOLIDATING CASES<br><br>ORDER FOR CLERK TO CONSOLIDATE CASE NO. 1:15-cv-00467-DLB-PC WITH THIS CASE<br><br>ORDER FOR PLAINTIFF TO FILE AN AMENDED COMPLAINT IN THE CONSOLIDATED CASE NO. 1:11-cv-00099-LJO-GSA-PC, WITHIN THIRTY DAYS |

## I.　　BACKGROUND

　　Deshawn Mitchell ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983.  This case now proceeds on Plaintiff's original Complaint, filed on January 20, 2011, against defendant Sergeant M. Jones ("Defendant") for subjecting Plaintiff to adverse conditions of confinement in violation of the Eighth Amendment.[1]  (Doc. 1.)  Defendant filed an Answer to the Complaint on August 7, 2014, and this case is presently in the discovery phase.  (Docs. 32, 34.)

　　On March 25, 2015, Defendant filed a notice of related cases.  (Doc. 36.)

---

[1] On March 13, 2014, the court issued an order dismissing all other claims and defendants from this action, based on Plaintiff's failure to state a claim.  (Doc. 15.)  The order dismissed Plaintiff's claims for improper processing of inmate appeals and for supervisory liability.  (Id.)  The order also dismissed defendants Lieutenant D. James, Property Officer F. Carreon, Correctional Officer J. Mendez, Appeals Coordinator R. Gomez, Appeals Coordinator R. Hall, and Appeals Coordinator L. Zinani from this action based on Plaintiff's failure to state any claims against them.  (Id.)

## II. DEFENDANT'S NOTICE

Defendant contends that this case is related to case 1:15-cv-00467-DLB-PC,[2] <u>Deshawn Mitchell v. Sergeant Matt Jones</u>, because the cases have the same or similar facts and claims. Defendant asserts that in both cases, Plaintiff Deshawn Mitchell (K-70241) asserted identical claims regarding an incident on June 5, 2010, wherein Defendant Jones allegedly violated Plaintiff's First Amendment rights. Defendant asserts that in the instant case, the court screened out Plaintiff's First Amendment claim, and Plaintiff agreed to proceed only on the cognizable Eighth Amendment claim against Defendant Jones. (Doc. 11 at 5:22-25, 6:19-27; Doc. 13.)

Defendant asserts that Plaintiff re-filed his First Amendment claim in the Kings County Superior Court on September 19, 2014, and on March 24, 2015, defendant Jones removed the case to this federal district court [where it was opened as case 15-cv-00467-DLB-PC]. Defendant asserts that Plaintiff's claim in the removed matter is identical to his dismissed claim in this action and thus, both cases require the determination of identical questions of law and fact. In addition, Sergeant Jones is the only remaining defendant in the instant matter and the only defendant in the case removed from the Kings County Superior Court. Defendant argues that these cases should be assigned to a single judge to avoid inconsistent rulings and duplication of judicial resources.

### A. <u>Analysis</u>

The court has reviewed the Complaints in both actions and finds that the two cases are related and should be consolidated.

### *<u>Consolidation – Legal Standard</u>*

"If actions before the court involve a common question of law or fact, the court may consolidate the actions." Fed. R. Civ. P. 42(a)(2). Consolidation may be ordered on the motion of any party or on the court's own motion whenever it reasonably appears that consolidation

---

[2] Defendant refers to the related case as case number 1:15-at-00237, which was the temporary case number that was assigned when the case was first received by the court. Subsequently, the case was processed by the Clerk and assigned its present case number 1:15-cv-00467-DLB-PC.

would aid in the efficient and economic disposition of a case.  See In re Air Crash Disaster at Florida Everglades on December 29, 1972, 549 F.2d 1006 (5th Cir. 1977).  The grant or denial of a motion to consolidate rests in the trial court's sound discretion, and is not dependent on party approval.  Investors Research Co. v. United States Dist. Ct., 877 F.2d 777 (9th Cir. 1989); Cantrell v. GAF Corp., 999 F.2d 1007, 1011 (6th Cir. 1993).  In determining whether to consolidate actions, the court weighs the interest of judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation.  Southwest Marine, Inc., v. Triple A. Mach. Shop, Inc., 720 F. Supp. 805, 807 (N.D. Cal. 1989).

### *(This Case) 1:11-cv-00099-LJO-GSA-PC*

Plaintiff filed this case on January 4, 2011 at this court.  The case now proceeds with the original Complaint against sole defendant Sergeant M. Jones, based on events occurring at the California Substance Abuse Treatment Facility and State Prison (SATF) in Corcoran, California, when Plaintiff was incarcerated there.  Included in the Complaint is an incident occurring on June 5, 2010, in which Plaintiff alleges:

> "On June 5th of 2010 Defendant M. Jones appeared at Plaintiff's cell and addressed Plaintiff in a very loud tone so other prisoners would hear Defendant M. Jones speaking to Plaintiff.  Defendant M. Jones stated 'Since you want to continue to write grievances against me and my staff I'm going to make sure that all of the active Crips in Ad-Seg housing know you are nothing but a snitch and a Sensitive Needs Yard bitch to make sure you will never be able to walk on another General Population Yard again.'"  (Case 1:11-cv-00099-LJO-GSA-PC, Complaint, Doc. 1 at 7:14-24.)

### *(Related Case) 1:15-cv-00467-DLB-PC*

The related case was initiated by civil complaint filed by Plaintiff in the Kings County Superior Court on September 19, 2014 (Case #14-C0336).  On March 24, 2015, sole defendant Sergeant Matt Jones removed the case to federal court under 28 U.S.C. § 1441(c).  The Complaint names only one defendant, Sergeant Matt Jones, and is based on only one event, which allegedly occurred on June 5, 2010 at SATF, when Plaintiff was incarcerated there.  Plaintiff alleges:

///

> "On June 5, 2010 Defendant Sergeant Matt Jones appeared at Plaintiff's cell and addressed Plaintiff in a loud tone so other prisoners would be able to hear Defendant Sergeant Matt Jones speaking to Plaintiff. Defendant Sergeant Matt Jones stated 'Since you want to continue to write grievances against me and my staff I'm going to make sure that all of the active Crips in Ad-Seg housing know you are nothing but a snitch and a Sensitive Needs Yard bitch to make sure you will never be able to walk on another General Population Yard again.'" (Case 15-cv-00467-DLB-PC, Complaint, Doc. 2 at 6:6-15.)

### *Discussion*

It is plain from a reading of the allegations that the June 5, 2010 incident described in both cases is the same incident. Both cases now proceed against the same sole defendant, Sergeant M. Jones, and common questions of law and fact appear to exist in these actions. The discovery issues in these actions will be identical in each case with respect to the June 5, 2010 incident. Consolidating these actions will avoid unnecessary costs incurred due to identical discovery and motion practice occurring in separate actions.

It is in the interest of judicial economy to avoid duplication by consolidating these actions for all purposes. Consolidation will conserve judicial resources and the resources of the parties by addressing identical issues in a single case. It serves judicial economy to "avoid the inefficiency of separate trials involving related parties, witnesses, and evidence." E.E.O.C., 135 F.3d at 551.

Consolidation of these actions will not cause a delay, and in fact may expedite the case because service of process upon defendant Jones in this case has been completed. There is little risk of confusion due to the consolidation of these actions, as the same facts concerning the same defendant are found in both cases, and Plaintiff shall be granted leave to file a consolidated complaint and proceed in one action. Finally, the Court can discern no prejudice to any of the parties by consolidating these actions, and consolidation will avoid the danger of having inconsistent verdicts in the related cases. The factors considered weigh in favor of consolidating these actions for all purposes.

Plaintiff shall be granted leave to file an amended complaint in the consolidated action, including all claims against defendant Jones and any other related claims Plaintiff believes to

be cognizable.  The amended complaint shall supercede Plaintiff's original complaints, and the court shall screen the consolidated complaint and issue a new screening order before defendant Jones is required to file an Answer.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The Clerk's Office is directed to consolidate Case No. 1:15-cv-00467-DLB-PC, Mitchell v. Jones, with this case.
2. This case, Case No. 1:11-cv-00099-LJO-GSA-PC, shall be designated as the lead case, and Case No. 1:15-cv-00467-DLB-PC shall be closed;
3. From this date forward, the parties shall use Case No. 1:11-cv-00099-LJO-GSA-PC on all documents submitted to the court for the consolidated case;
4. Plaintiff is granted thirty days from the date of service of this order in which to file an amended complaint in the consolidated case, using Case No. 1:11-cv-00099-LJO-GSA-PC and including all of the claims upon which Plaintiff wishes to proceed, as instructed by this order;
5. The Clerk's Office is directed to:
    1. Close Case No. 1:15-cv-00467-DLB-PC;
    2. Docket and serve this order in both cases, Case No. 1:11-cv-00099-LJO-GSA-PC and Case No. 1:15-cv-00467-DLB-PC; and
    3. Send Plaintiff an amended complaint form.

IT IS SO ORDERED.

Dated:  **April 3, 2015**          **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE