UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESHAWN MITCHELL,<br><br>    Plaintiff,<br><br>    vs.<br><br>SERGEANT M. JONES, et al.,<br><br>    Defendants. | 1:11-cv-00099-LJO-GSA-PC<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR RELIEF FROM THE DISCOVERY/SCHEDULING ORDER<br>(Doc. 39.) |

## I. BACKGROUND

Deshawn Mitchell ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. On January 20, 2011, Plaintiff filed the Complaint commencing this action. (Doc. 1.) The court screened the Complaint and issued an order on January 28, 2014, requiring Plaintiff to either file an amended complaint, or notify the court of his willingness to proceed only on the claims found cognizable by the court. (Doc. 11.) On February 7, 2014, Plaintiff notified the court of his willingness to proceed only on the cognizable claims. (Doc. 13.) The case then proceeded on Plaintiff's original Complaint, against defendant Sergeant M. Jones ("Defendant") for subjecting Plaintiff to adverse conditions of confinement in violation of the Eighth Amendment.[1] (Doc. 1.) Defendant filed

---

[1] On March 13, 2014, the court issued an order dismissing all other claims and defendants from this action, based on Plaintiff's failure to state a claim. (Doc. 15.) The order dismissed Plaintiff's claims for improper processing of inmate appeals and for supervisory liability. (Id.) The order also dismissed defendants Lieutenant D. James, Property Officer F. Carreon, Correctional Officer J. Mendez, Appeals Coordinator R. Gomez, Appeals Coordinator R. Hall, and Appeals Coordinator L. Zinani from this action based on Plaintiff's failure to state any claims against them. (Id.)

an Answer to the Complaint on August 7, 2014.  (Doc. 32.)  On August 8, 2014, the court issued a discovery/scheduling order establishing a deadline of April 8, 2015 for the parties to complete discovery, and a deadline of June 18, 2015 for the parties to file pretrial dispositive motions.  (Doc. 34.)

On March 25, 2015, Defendant Jones filed a notice of related cases, notifying the court that this case was related to another case filed by Plaintiff at this court, case number 1:15-cv-00467-DLB-PC; Mitchell v. Jones.  (Doc. 36.)  On April 6, 2015, the court consolidated this case with case number 1:15-cv-00467-DLB-PC and ordered Plaintiff to file an amended complaint including all of his claims against defendant Jones.  (Doc. 37.)  Defendant Jones was advised in the order that he was not required to file an answer to the amended complaint until after the court had screened the amended complaint.  (Id. at 5:1-3.)  On April 20, 2015, Plaintiff filed the First Amended Complaint, which awaits the court's requisite screening.  (Doc. 38.)

On June 16, 2015, defendant Jones filed a request for relief from the court's discovery/scheduling order.  (Doc. 39.)

**II.     MOTION TO MODIFY SCHEDULING ORDER**

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order.  Id.  The court may also consider the prejudice to the party opposing the modification.  Id.  If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).

Defendant Jones argues that good cause exists to grant him relief from the court's discovery/scheduling order, because the First Amended Complaint has superceded it.  Defendant argues that he has been diligent in this matter, has timely complied with all

///

deadlines, and is seeking relief only because the First Amended Complaint has not been screened.

The court finds good cause to relieve defendant Jones from the deadlines and requirements of the court's discovery/scheduling order of August 8, 2014.  Thus, Defendant's motion shall be granted.

### III.	CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendant Jones' request for relief from the court's discovery/scheduling order of August 8, 2014 is GRANTED; and
2. The court shall screen the First Amended Complaint in due course and issue a new discovery/scheduling order at a later stage of the proceedings.

IT IS SO ORDERED.

Dated:   **June 18, 2015**                    **/s/ Gary S. Austin**
                                                        UNITED STATES MAGISTRATE JUDGE