**IN THE UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DESHAWN MITCHELL,<br><br>    Plaintiff<br><br>    v.<br><br>M. JONES,<br><br>    Defendant. | CASE NO.  1:11-cv-00099-LJO-EPG (PC)<br><br>Exhaustion Motion<br>Filing Deadline:         December 1, 2016<br><br>Settlement Conf.:       December 6, 2016<br>                                     Time: 2:00 p.m.<br>                                     Courtroom 7 (SKO)<br><br>Nonexpert<br>Discovery Cutoff:      January 31, 2017<br><br>Expert Disclosure<br>Deadline:                    February 28, 2017<br><br>Expert Disclosure<br>Rebuttal Deadline:     March 31, 2017<br><br>Expert Discovery<br>Cutoff:                        April 14, 2017<br><br>Dispositive Motion<br>Filing Deadline:         April 28, 2017<br><br>Telephonic Trial<br>Confirmation Hearing: February 2, 2018<br>                                     Time: 8:30 a.m.<br>                                     Courtroom 4 (LJO)<br><br>Jury Trial:                    April 3, 2018<br>                                     Time: 8:30 a.m.<br>                                     Courtroom 4 (LJO) |

This Court conducted a scheduling conference on October 5, 2016.  Plaintiff Deshawn Mitchell telephonically appeared on his own behalf.  Counsel Michelle Mayer telephonically appeared on behalf of Defendant.  Pursuant to Fed. R. Civ. P. 16(b), this Court now sets a schedule for this action.

\\\

1

## I.   DISCOVERY PROCEDURES

The parties are now granted leave to serve discovery in addition to that provided as part of initial disclosures.  Pursuant to Federal Rules of Civil Procedure 1, 16, and 26-36, discovery shall proceed as follows:

1. Discovery requests shall be served by the parties pursuant to Federal Rule of Civil Procedure 5 and Local Rule 135.  Discovery requests and responses shall not be filed with the Court unless required by Local Rules 250.2, 250.3, or 250.4 (providing that discovery requests shall not be filed unless or until there is a proceeding in which the document or proof of service is at issue).  Each party is limited to serving 15 interrogatories, 15 requests for production of documents, and 10 requests for admission.  On motion, these limits may be increased for good cause.

2. Responses to written discovery requests shall be due **forty-five (45) days** after the request is first served.  Boilerplate objections are disfavored and may be summarily overruled by the Court.  Responses to document requests shall include all documents within a party's possession, custody or control.  Fed. R. Civ. P. 34(a)(1).  Documents are deemed within a party's possession, custody, or control if the party has actual possession, custody, or control thereof, or the legal right to obtain the property on demand.[1]

3. The parties are required to act in good faith during the course of discovery and the failure to do so may result in the payment of expenses pursuant to Federal Rule of Civil Procedure 37(a)(5) or other appropriate sanctions authorized by the Federal Rules of Civil Procedure or the Local Rules.

4. Pursuant to Federal Rule of Civil Procedure 30(a)(2)(B), Defendant(s) may depose Plaintiff and any other witness confined in a prison upon condition that, at least fourteen (14) days before such a deposition, Defendant(s) serve all parties with the notice required by Federal Rule of Civil Procedure 30(b)(1).  Plaintiff's failure to

---

[1] Defendants' responses should be consistent with their right to request documents pursuant to California Government Code § 3306.5 ("Each employer shall keep each public safety officers' personnel file or a true and correct copy thereof, and shall make the file or copy thereof available within a reasonable period of time after a request thereof by the officer.").

participate in a properly noticed deposition could result in sanctions against Plaintiff, including monetary sanctions and/or dismissal of this case.  Pursuant to Federal Rule of Civil Procedure 30(b)(4), the parties may take any deposition under this section by video conference without a further motion or order of the Court.  Due to security concerns and institutional considerations not applicable to the Defendant(s), Plaintiff must seek leave from the Court to depose incarcerated witnesses pursuant to Federal Rule of Civil Procedure 30(a)(2).  Nothing herein forecloses a party from bringing a motion for protective order pursuant to Federal Rule of Civil Procedure 26(c)(1) if necessary.

## II.     EXHAUSTION MOTIONS

Defendant has until December 1, 2016, to file a motion for summary judgment for failure to exhaust administrative remedies.

## III.    DISCOVERY DEADLINE

The deadline for the completion of nonexpert discovery is **January 31, 2017**.  All nonexpert discovery must be provided by this date.

The deadline for all parties to submit their Expert Disclosures is **February 28, 2017**. Parties have until **March 31, 2017**, to file a rebuttal to opposing parties' Expert Disclosures.  The deadline for completion of expert discovery is **April 14, 2017**.  All expert discovery must be provided by this date.

## IV.    DISPOSITIVE MOTIONS DEADLINE

The deadline for filing all dispositive motions pursuant to Fed. R. Civ. P. 56 is **April 28, 2017**.

## V.     SETTLEMENT CONFERENCE

A settlement conference has been scheduled for **December 6, 2016, at 2:00 p.m.** in Courtroom 7 before Magistrate Judge Sheila K. Oberto.

Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the Settlement Conference.  Additionally, the parties and the person or persons having full authority to negotiate and settle the case on any terms must be present at the conference.  Government entities may appear through litigation counsel only, but must have

immediate access to the individual with settlement authority. The failure of any counsel, party or authorized person subject to this order to appear in person may result in the imposition of sanctions. Consideration of settlement is a serious matter that requires preparation prior to the settlement conference. Set forth below are the procedures the Court will employ when conducting the conference.

*Confidential Settlement Statements*

At least five (5) court days prior to the settlement conference, each party shall submit a Confidential Settlement Conference Statement directly to the chambers of the judge who is conducting the settlement conference, and file a **Notice of Submission** of the Confidential Settlement Conference Statement with the Clerk of the Court (See L.R. 270(d)). The statement shall not be filed on the docket or served on any other party. Each statement shall be clearly marked "confidential" with the date and time of the settlement conference clearly noted on the first page. The Confidential Settlement Conference Statement shall include the following:

A. A brief statement of the facts of the case.

B. A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

C. A summary of the proceedings to date.

D. An estimate of the cost and time to be expended for further discovery, pretrial and trial.

E. The relief sought.

F. The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

**VI.   MAGISTRATE JUDGE JURISDICTION**

The parties have declined the jurisdiction of a Magistrate Judge pursuant to 28 U.S.C. § 636(c). (ECF Nos. 7 & 35).

**VII.   TELEPHONIC TRIAL CONFIRMATION HEARING**

The Telephonic Trial Confirmation Hearing is set for **February 2, 2018, at 8:30 a.m.,** in

4

Courtroom 4, before District Judge Lawrence J. O'Neill. In addition to the matters already required to be addressed in the pretrial statement in accordance with Local Rule 281, Plaintiff will be required to make a particularized showing in order to obtain the attendance of witnesses. The procedures and requirements for making such a showing are outlined in detail below. Plaintiff is advised that failure to comply with the procedures set forth below may result in the preclusion of any or all witnesses named in his pretrial statement.

At the trial of this case, Plaintiff must be prepared to introduce evidence to prove each of the alleged facts that support the claims raised in the lawsuit. In general, there are two kinds of trial evidence: (1) exhibits and (2) the testimony of witnesses. It is Plaintiff's responsibility to produce all of the evidence to prove his case, whether that evidence is in the form of exhibits or witness testimony. If Plaintiff wants to call witnesses to testify, he must follow certain procedures to ensure that the witnesses will be at the trial and available to testify.

1. Procedures for Obtaining Attendance of Incarcerated Witnesses Who Agree to Testify Voluntarily  -  An incarcerated witness who agrees voluntarily to attend trial to give testimony cannot come to court unless this Court orders the warden or other custodian to permit the witness to be transported to court. This Court will not issue such an order unless it is satisfied that: (a) the prospective witness is willing to attend; and (b) the prospective witness has actual knowledge of relevant facts.

A party intending to introduce the testimony of incarcerated witnesses who have agreed voluntarily to attend the trial must serve and file concurrent with the pretrial statement a written motion for a court order requiring that such witnesses be brought to court at the time of trial. The motion must: (1) state the name, address, and prison identification number of each such witness; and (2) be accompanied by declarations showing that each witness is willing to testify and that each witness has actual knowledge of relevant facts. The motion should be entitled "A Motion for Attendance of Incarcerated Witnesses."

The willingness of the prospective witness can be shown in one of two ways: (1) the party himself can swear by declaration under penalty of perjury that the prospective witness has informed the party that he or she is willing to testify voluntarily without being subpoenaed, in which declaration the party must state when and where the prospective witness informed the party

5

of this willingness; or (2) the party can serve and file a declaration, signed under penalty of perjury by the prospective witness, in which the witness states that he or she is willing to testify without being subpoenaed.

The prospective witness's actual knowledge of relevant facts can be shown in one of two ways: (1) if the party has actual firsthand knowledge that the prospective witness was an eyewitness or an ear-witness to the relevant facts (i.e., if an incident occurred in plaintiff's cell and, at the time, plaintiff saw that a cellmate was present and observed the incident, plaintiff may swear to the cellmate's ability to testify), the party himself can swear by declaration under penalty of perjury that the prospective witness has actual knowledge; or (2) the party can serve and file a declaration signed under penalty of perjury by the prospective witness in which the witness describes the relevant facts to which the prospective witness was an eye- or ear witness.  Whether the declaration is made by the party or by the prospective witness, it must be specific about the incident, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what occurred at the time it occurred.

The Court will review and rule on the motion for attendance of incarcerated witnesses, specifying which prospective witnesses must be brought to Court.  Subsequently, the Court will issue the order necessary to cause the witness's custodian to bring the witness to Court.

Motions for the attendance of incarcerated witnesses, if any, must be filed on or before **January 5, 2018**.  Oppositions, if any, must be filed on or before **February 2, 2018**.

2. Procedures for Obtaining Attendance of Incarcerated Witnesses Who Refuse to Testify Voluntarily  -  If a party seeks to obtain the attendance of incarcerated witnesses who refuse to testify voluntarily, the party should submit with his pre-trial statement a motion for the attendance of such witnesses.  Such motion should be in the form described above.  In addition, the party must indicate in the motion that the incarcerated witnesses are not willing to testify voluntarily.

3. Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Agree to Testify Voluntarily  -  It is the responsibility of the party who has secured an unincarcerated witness's voluntary attendance to notify the witness of the time and date of trial.  No action need be sought or obtained from the Court.

4.       Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Refuse to Testify Voluntarily  -  If a prospective witness is not incarcerated, and he or she refuses to testify voluntarily, the witness must be served with a subpoena.  Fed. R. Civ. P. 45.  In addition, the party seeking the witness's presence must tender an appropriate sum of money for the witness.  Id.  In the case of an unincarcerated witness, the appropriate sum of money is the daily witness fee of $40.00 plus the witness's travel expenses.  28 U.S.C. § 1821.

If Plaintiff wishes to obtain the attendance of one or more unincarcerated witnesses who refuse to testify voluntarily, Plaintiff must first notify the Court in writing of the name and location of each unincarcerated witness.  The Court will calculate the travel expense for each unincarcerated witness and notify Plaintiff of the amount(s).  Plaintiff must then, for each witness, submit a money order made payable to the witness for the full amount of the witness's travel expenses plus the daily witness fee of $40.00.  The subpoena will not be served upon the unincarcerated witness by the United States Marshal unless the money order is tendered to the Court.  Because no statute authorizes the use of public funds for these expenses in civil cases, the tendering of witness fees and travel expenses is required even if the party was granted leave to proceed *in forma pauperis*.

If Plaintiff wishes to have the Marshal serve any unincarcerated witnesses who refuse to testify voluntarily, Plaintiff must submit the money orders to the court no later than **February 23, 2018**.  In order to ensure timely submission of the money orders, Plaintiff must notify the Court of the names and locations of his witnesses, in compliance with step 4 above, no later than **January 5, 2018.**

Plaintiff shall file and serve a pretrial statement as described in this order on or before **January 5, 2018**.  Defendant shall file and serve a pretrial statement as described in this order on or before **January 31, 2018.**

The parties are advised that failure to file pre-trial statements as required by this order may result in the imposition of appropriate sanctions, which may include dismissal of the action or entry of default.

**VIII.   TRIAL DATE**

A jury trial is set for **April 3 2018, at 8:30 a.m.,** in Courtroom 4, before

7

District Judge Lawrence J. O'Neill.

## IX. EFFECT OF THIS ORDER

This order represents the Court and the parties' best estimated schedule to complete this case. Any party unable to comply with the dates outlined in this order shall immediately file an appropriate motion or stipulation identifying the requested modification(s).

***The dates set in this Order are considered to be firm and will not be modified absent a showing of good cause, even if a stipulation to modify is filed.*** Due to the impacted nature of the civil case docket, this Court disfavors requests to modify established dates.

Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:   **October 11, 2016**                    /s/ Erica P. Grosjean
                                                          UNITED STATES MAGISTRATE JUDGE